122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elmer Turner HARRIS, Plaintiff-Appellant,
v.
James GOMEZ, Director; R.H. Denninger, Chief Deputy
Director; William B. Anderson, Chief Institutions
Services; Ernest C. Roe, Warden,
Defendants-Appellees.
 No. 96-56412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-85-02369-MRP(Mc); Mariana R. Pfaelzer, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elmer Turner Harris, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Harris's 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm in part and reverse in part.
 
 
 3
 The magistrate judge, construing Harris's arguments about discovery as a motion under Fed.R.Civ.P. 56(f), denied the motion on the grounds that Harris failed to show additional discovery would have precluded summary judgment. See Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 887-888 (9th Cir.1996). As to only Harris's claim that defendants misused the Inmate Welfare Fund ("IWF"), the magistrate judge erred by denying Harris further discovery, and then determining that Harris failed to introduce evidence on the claim. Thus, the magistrate judge abused his discretion in denying the Fed.R.Civ.P. 56(f) motion because it appeared that additional discovery could have led to evidence which would have precluded summary judgment on the IWF claim. See id.
 
 
 4
 A prison may adopt regulations with legitimate penological objectives, even if the regulations interfere with an inmate's constitutional rights. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995). Regulations that affect outgoing prison mail must be closely related to the penological interest. See id.
 
 
 5
 The district court did not err by determining that defendants' use of a prison origin stamp did not violate Harris's First Amendmend rights, because defendants have a legitimate interest in preventing inmates from sending harassing or fraudulent letters. See id. Defendants did not violate Article I, Section 8, Clause 7, which authorizes Congress to establish a post office. The district court did not err by determining that Harris failed to raise a triable issue of fact on his claim that prison officials censored, defaced, and regulated his outgoing mail. Cf. Taylor, 880 F.2d at 1044 (party must raise genuine issue of material fact to prevail against summary judgment motion).
 
 
 6
 The district court did not err by determining that defendants did not violate Harris's Eighth Amendment rights by requiring a co-payment for certain medical services pursuant to California Penal Code § 5007.5 and regulations issued by the California Department of Corrections. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (prohibiting deliberate indifference to inmate's serious medical needs). The district court did not err by determining that the medical co-payment did not violate the Ex Post Facto Clause[1], because the fee was not enacted for punitive reasons. See Rise v. Oregon, 59 F.3d 1556, 1562 (9th Cir.1995), cert. denied, 116 S.Ct. 1554 (1996) (statute that does not amend substantive criminal law implicates Ex Post Facto Clause only if it constitutes punishment).
 
 
 7
 The district court did not err by determining that Harris lacked standing to challenge the termination of prisoners' rights under amended California Penal Code §§ 2600 and 2601, because he did not allege that he personally was deprived of the right to own or transfer property, the right to worker's compensation, and the right to receive certain publications. See United States v. Hays, 115 S.Ct. 2431, 2435 (1995) (to establish standing, party must suffer concrete and actual or imminent injury).
 
 
 8
 Harris's claim that the family visiting policy violated his equal protection rights does not implicate a suspect class or fundamental right, accordingly, we must determine whether the policy bears a rational relation to a legitimate penological objective. See Heller v. Doe, 509 U.S. 312, 319-21 (1993) (highly deferential rational basis standard applied to equal protection claim not involving fundamental rights or suspect class).
 
 
 9
 The district court did not err by determining that the family visiting policy did not deny Harris's equal protection rights because prison officials were legitimately concerned that the family visiting units were not secure enough to prevent close custody inmates from escaping. See Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (maintaining institutional security, including preventing escape, is a legitimate and essential penological goal); Block v. Rutherford, 468 U.S. 576, 586 (1984) (finding a rational connection between ban on contact visits and security of detention facility).
 
 
 10
 The district court did not err by determining that the family visiting policy did not violate the Ex Post Facto clause because its purpose is not punitive. See Rise, 59 F.3d at 1562.
 
 
 11
 Accordingly, because the magistrate judge abused his discretion by denying the Fed.R.Civ.P. 56(f) motion on the IWF claim, we reverse the grant of summary judgment on the IWF claim, and remand for further proceedings on that claim. We affirm the district court's summary judgment on the remaining claims.
 
 
 12
 Each party shall bear its own costs on appeal.
 
 
 13
 REVERSED and REMANDED in part, AFFIRMED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Harris's request for oral argument and motion for appointment of counsel for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Ex Post Facto clause is Article I, Section 9, Clause 3 of the Constitution